EFILED LUCAS COUNTY
09/25/2017 02:38 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 3305

## IN THE COMMON PLEAS COURT OF LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| **ROBERT ORTEGA**<br>209 North Wynn<br>Oregon, OH 43616 | * | Case No. G-4801-CI-0201704203-000 |
| | * | Judge |
| and, | * | JUDGE **GARY G. COOK** |
| **JODI ORTEGA**<br>209 North Wynn<br>Oregon, OH 43616 | * | |
| | * | **COMPLAINT WITH JURY DEMAND** |
| Plaintiffs, | * | **ENDORSED HEREON** |
| vs. | * | |
| **TAYLOR-DUNN MANUFACTURING COMPANY**<br>c/o CT Corporation System<br>818 West Seventh St. Ste. 930<br>Los Angeles, CA 90017 | * | Kevin J. Boissoneault (#0040180)<br>Jonathan M. Ashton (#0083588)<br>GALLON, TAKACS, BOISSONEAULT<br>& SCHAFFER CO., L.P.A.<br>piattys@gallonlaw.com<br>3516 Granite Circle<br>Toledo, OH 43617<br>(419) 843-2001<br>(419) 841-2608 fax<br>Attorneys for Plaintiffs |
| and, | * | |
| **POLARIS INDUSTRIES, INC.**<br>c/o CT Corporation System Inc.<br>1010 Dale St. N<br>St. Paul MN 55117 | * | |
| and, | * | |
| **JOHN DOE NUMBERS ONE AND TWO**, whose present names and addresses remain unknown<br>Defendants. | * | |

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

EXHIBIT A

Now come Plaintiffs, by and through counsel, Kevin J. Boissoneault, Esq., Jonathan M. Ashton, Esq., and Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and for their Complaint, state and aver the following.

### GENERAL ALLEGATIONS

1. At all relevant times, Plaintiffs Robert and Jodi Ortega resided in Oregon, Lucas County, Ohio.

2. At all relevant times, Defendant Taylor-Dunn Manufacturing Company (hereinafter "Taylor-Dunn") and/or John Doe Number One was a business and/or other legal entity duly licensed and authorized and/or doing business in the State of Ohio. Any reference to Defendant Taylor-Dunn and/or John Doe Number One will include references to its owner, agents, lessors, lessees, servants, and employees, who, at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant Taylor-Dunn and/or John Doe Number One.

3. At all relevant times, Defendant Polaris Industries, Inc. (hereinafter "Polaris") and/or John Doe Number Two was a business and/or other legal entity duly licensed and authorized and/or doing business in the State of Ohio. Any reference to Defendant Polaris and/or John Doe Number Two will include references to its owner, agents, lessors, lessees, servants, and employees, who at all pertinent times thereto, were acting within the course and scope of their employment and/or agency with Defendant Polaris and/or John Doe Number Two.

4. Defendants Taylor-Dunn and/or Polaris and/or John Doe Number One and/or Two are, and were, in the business of designing and/or manufacturing, and/or marketing,

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

and/or selling, and/or distributing and/or supplying and/or testing and/or placing into the stream of commerce commercial powered industrial vehicles that serve the purpose of transporting and towing personnel, equipment, and materials.

5. In 2013, Plaintiff Robert Ortega began working for Fiat Chrysler America ("FCA") U.S. LLC at the FCA Toledo North Assembly Complex on 4400 Chrysler Dr., Toledo, Lucas County, OH 43608.

6. On December 21, 2015, Plaintiff was within the course and scope of his employment with FCA, working on various powered industrial vehicles ("PIV's") in the electronic truck garage of the aforementioned assembly plant.

7. One of the types of PIV's that Plaintiff would routinely work on were industrial tow vehicles ("tugger"), designed and/or manufactured and/or marketed and/or tested and/or supplied and/or distributed and/or sold and/or otherwise provided and placed into the stream of commerce by Defendant Taylor-Dunn and/or Polaris and/or John Doe Number One and/or Two to Fiat Chrysler Automobiles (FCA) Toledo North assembly complex.

8. On the day of the incident, Plaintiff was in the process of preparing to tow a Taylor-Dunn Model E-453 electric tow tractor "(tugger)" to the electronic truck garage using another industrial vehicle.

9. The Taylor-Dunn Model E-453 ("tugger") is a powered industrial towing vehicle, designed with specifically enhanced maneuverability for narrow-aisle and in-plant towing that has an operator platform with two separate floor plates in the middle. The right is a treadle with throttle and brake. The operator presses the front part of

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

the treadle for throttle and the back part for the brake. The left is an operator presence switch system (OPS). The machine is not to move unless the operator is positioned proplery to engage the OPS. The tugger is turned on and off with a key. The tugger is also equipped with a forward and reverse switch that when not selected are in the off position.

10. When Plaintiff arrived at the subject tugger, there was no key in the ignition. He used a pre-cut wood block (as part of the FCA towing procedure) to depress and hold the throttle treadle in the "down" position, releasing the brake to ensure that the tugger wheels would roll allowing it to be towed. The OPS was not engaged.

11. As the wood block was put in place the subject tugger took off in forward motion. Plaintiff attempted to steer the vehicle away from people working at nearby machines while also trying to disengage the battery cable.

12. While the tugger was still moving, and while Plaintiff was attempting to disengage the battery cable, the tugger went underneath a steel table causing his left arm to "underide" the top of the steel table and sustain crushing injuries between the steel table and tugger.

13. In the weeks leading up to the incident, personnel from Defendant Taylor-Dunn and/or Defendant Polaris and/or John Doe Numbers One and/or Two and/or their authorized agent or representative was performing inspection, maintenance and repair operations on tuggers at the FCA facility.

## COUNT ONE

14. Plaintiffs re-allege and incorporate by reference the above paragraphs as if the same

4

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

were fully set forth herein.

15. Defendants Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two is in the business of designing, manufacturing, marketing, testing, distributing, selling, and supplying powered industrial vehicles.

16. At all relevant times, Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two put the involved industrial towing vehicle into the stream of commerce, including in the State of Ohio, for use in commercial enterprise. It was customary for Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two to place its industrial towing vehicle into commerce throughout the United States.

17. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two was the manufacturer of the subject tugger to be towed by Plaintiff Robert Ortega on the day of the aforementioned incident.

18. As the manufacturer of the tugger, Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two was required to design and manufacture tuggers that were free of defects rendering it unreasonably dangerous to users and consumers for its intended and reasonably foreseeable uses.

19. On or about December 21, 2015, Plaintiff Robert Ortega was in the process of preparing the subject tugger to be towed when, without warning, the tugger took off, resulting in the aforementioned collision with a steel table.

20. The subject tugger was defective in manufacture when it left Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's control in that it deviated

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

from Defendants' performance standards for the tugger, in that the standard required that the operator presence switch system ("OPS"), designed to prevent the vehicle from sudden acceleration with no one on the OPS platform, always perform.

21. In this case, Plaintiff was not standing on or otherwise putting pressure on the OPS when the OPS failed and the tugger took off.

22. The OPS on this and other tuggers within this FCA plant utilize a switch in the OPS system that has normally closed contacts. The OPS system uses springs in conjunction with the switch which allow the system to work. When a spring breaks, the OPS system fails. When the OPS fails it does not fail-safe preventing the vehicle from moving upon spring failure because the contacts remain closed and the vehicle still runs.

23. The OPS did not fail safe in this instance when a spring used in the OPS system broke (failed), because the vehicle accelerated without standing on or otherwise activating the OPS.

24. As a direct and proximate result of the unreasonably dangerous condition of the subject tugger with the OPS failing and the design allowing it to fail in an unsafe mode, Plaintiff Robert Ortega sustained permanent and severe injuries and damages as set forth fully above and below when the tugger took off causing Plaintiff to collide with the steel table.

25. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two is strictly liable to Plaintiffs pursuant to the Ohio Product Liability Act, Ohio Revised Code §§ 2307.71 to 2307.80.

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

26. As a direct and proximate result of Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's failure as set forth above, Plaintiff Robert Ortega sustained permanent and severe injuries and damages including, but not limited to, the following:

   a. Left arm injuries, including without limitation compartment syndrome, scarring and disfigurement;
   b. Decreased strength;
   c. Decreased endurance;
   d. Medical expenses, past and future;
   e. Lost wages;
   f. Pain and suffering, past and future; and,
   g. Loss of enjoyment of life, past and future.

## COUNT TWO

27. Plaintiffs re-allege and incorporate by reference the above paragraphs as if the same were fully set forth herein.

28. Upon information and belief, Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two designed, manufactured, marketed, sold, distributed, supplied, tested, and/or otherwise provided the subject tugger used by Plaintiff in this case.

29. As the manufacturer of the subject tugger, Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two was required to design its tugger in such a way that it would be free from defects that would render it unreasonably dangerous to users and consumers for its intended and reasonably foreseeable uses.

30. The subject tugger was defective in design at the time it left Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's control because the foreseeable risks of harm associated with this design exceeded the benefits of the

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

7

design.

31. The risks of harm associated with the subject tugger's design include but are not limited to the following:

   a. The design not including a functional and/or durable OPS system that fails in a safe mode when used in an intended or reasonably foreseeable manner, creates a great risk of harm to anyone using the tugger.

   b. The design permitting the operation of the tugger by allowing the ignition to be in the run position without a key in the key ignition system when used in an intended or reasonably foreseeable manner, creates great risk of harm to anyone using the tugger believing no key in the ignition means the ignition is off.

   c. Given the foreseeability of the occasional breaking-down and need for towing of the tugger (as recognized in the vehicle manual), the failure to include a fail-safe OPS system and requiring the need of a key at all times to operate an ignition system, it is highly likely that Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two knew or, with the exercise of reasonable care, should have known that the design would cause harm in light of the nature of the tugger's intended and reasonably foreseeable uses.

   d. Based on the foregoing and in light of the lack of knowledge by an ordinary user of the design of the tugger, and the likelihood that the tugger will be towed at some point, this design is significantly more dangerous than a

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

8

reasonably prudent consumer would appreciate while using the tugger for its intended or reasonably foreseeable use.

32. Given the significant risks of harm associated with the subject design, and the technologically and economically available design alternatives including without limitation those listed below, it is unlikely that there are any material safety advantages to the design of the tugger.

33. The tugger could be designed with a redundant and fail-safe OPS that by way of example and without limitation would utilize two (2) switches, both having to operate together for the system to recognize valid initiation and would result in a redundant system. Additionally, it could be designed to use a switch with normally open contacts that have to be made in order to close the contacts to complete the circuit. If the switch(s) is not made, the contact remains open and the vehicle will not move. This and other alternative fail safe and/or redundant designs were technologically and economically feasible when this tugger left the control of Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two.

34. Alternative Ignition Systems could be designed to require a key to remain in, in order to run or to use other means besides keys such as an interlocked on/off switch.

35. Plaintiffs are unaware of any material risks associated with these alternative designs when compared to the subject design which fails to incorporate a fail-safe mechanism.

36. Based on the foregoing, the risks of harm associated with the design of the tugger greatly outweigh any benefits of the design of the tugger. As a result, it is

9

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

defectively designed and it is unreasonably dangerous to users and consumers while using the tugger for its intended and reasonably foreseeable uses.

37. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two is strictly liable to Plaintiffs pursuant to the Ohio Product Liability Act, Ohio Revised Code §§ 2307.71 to 2307.80.

38. As a direct and proximate result of Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's failure as set forth above, Plaintiff Robert Ortega sustained permanent and severe injuries and damages as set forth above.

## COUNT THREE

39. Plaintiffs re-allege and incorporate by reference the above paragraphs as if the same were fully set forth herein.

40. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two manufactured, sold, supplied, and/or otherwise provided the subject tugger, placing the product into the stream of commerce.

41. This product was defective due to inadequate warnings and instructions at the time of its marketing when it left control of Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two because it knew, or in exercising reasonable care, should have known about the risks of harm associated with the use of it's tugger that caused harm to Plaintiff Robert Ortega for which Plaintiff seeks damages. Additionally, Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two failed to provide the warning or instruction that a manufacturer exercising reasonable care would have provided concerning that risk in light of the

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

likelihood that the product would cause harm to Plaintiff as set forth herein and above and below for which Plaintiff seeks compensatory damages in light of the likely seriousness of that harm.

42. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's product is also defective due to inadequate post-marketing warnings or instructions because at the time of this incident and the time of the purchase and use of the tugger, the manufacturer knew, or in exercising reasonable care, should have known about the risk that is associated with the product, the same being the tendency of the OPS system to fail and to fail in an unsafe mode which specifically caused the aforementioned injuries and damages to Plaintiff. Further, Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two failed to provide post-marketing warnings or instructions a manufacturer exercising reasonable care would have provided concerning the aforementioned risk in light of the likelihood that their product would cause harm from the tugger's unintended movement based on the facts and circumstances of this incident and other known uses of this product by Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two.

43. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two failed to provide the tugger at issue in this case in a reasonably safe condition for all reasonable, foreseeable, and intended uses in one or more of the following respects:
    a. Unreasonably failed to provide adequate warnings at the time of marketing the product or after the product left its control and/or instruct Plaintiff or others similarly situated of all the hazards, risks, and dangers Plaintiff faced

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

when using its tugger in light of the likelihood that the product would cause the harm suffered by Plaintiff and in light of the likely seriousness of that harm. Specifically, Defendant failed to clearly, and adequately, warn the user that when pressure is applied to the gas pedal, even when the tugger is turned off, it may still move or "take off".

b. Finally, the risks associated with this product pertaining to the tendency of the tugger to experience unintended movement during ordinary use was not open and obvious and not a matter of common knowledge.

44. As a direct and proximate result of Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's failures to warn and instruct as set forth above, Plaintiff Robert Ortega sustained injuries and damages as set forth above.

45. Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two is strictly liable to Plaintiffs pursuant to the Ohio Product Liability Act, Ohio Revised Code §§ 2307.71 to 2307.80.

46. As a direct and proximate result of Defendant Taylor-Dunn and/or Polaris and/or John Doe Numbers One and/or Two's failure as set forth above, Plaintiff Robert Ortega sustained permanent and severe injuries and damages as set forth above.

## COUNT FOUR

47. Plaintiffs re-allege and incorporate by reference the above paragraphs as if the same were fully set forth herein.

48. As a direct and proximate result of the incident, Plaintiff Jodi Ortega sustained the loss of services, society, and consortium of her husband, Plaintiff Robert Ortega, and

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172

incurred medical expenses for the treatment of her husband's injuries.

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO., L.P.A.**

By: /s/ Kevin J. Boissoneault
Kevin J. Boissoneault
Jonathan M. Ashton
Attorney for Plaintiffs

### JURY DEMAND

Plaintiffs hereon demand a trial by jury on all issues so triable in this action.

Respectfully submitted,

**GALLON, TAKACS, BOISSONEAULT & SCHAFFER CO., L.P.A.**

By: /s/ Kevin J. Boissoneault
Kevin J. Boissoneault
Jonathan M. Ashton
Attorney for Plaintiffs

Law Offices of
GALLON, TAKACS, BOISSONEAULT
& SCHAFFER CO., L.P.A.

THE JACK GALLON BUILDING
3516 GRANITE CIRCLE
TOLEDO, OHIO 43617-1172